**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHERI POMPEY-PRIMUS,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>SUCCESS ACADEMY CHARTER SCHOOLS, INC., and NOREEN COOKE-COLEMAN,<br><br>　　　　　　　　　Defendants. | Case No.: 21-3981<br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Sheri Pompey-Primus, ("Plaintiff" or "Pompey-Primus") by and through her attorneys, Danny Grace, P.C., as and for her Complaint in this action against the Success Academy Charter Schools, Inc. ("Success Academy") and Noreen Cooke-Coleman ("Cooke-Coleman"), (collectively "Defendants"), alleges upon personal knowledge and upon information and belief as to the matters as follows:

**NATURE OF THE CLAIMS**

1.　　This is an action for declaratory, injunctive, and equitable relief, as well as monetary damages to redress Defendants' unlawful employment practices against Plaintiff, including discriminatory and retaliatory treatment of Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et. seq. ("Title VII"), the New York State Human Rights Law, New York Executive Law §§ 290 et. seq. ("NYSHRL"), and the New York City Human Rights Law, New York Administrative Code §§ 8-101 et. seq. ("NYCHRL").

1

2. Defendants, its owners, managers, and employees intentionally, unlawfully and recklessly treated Plaintiff in a discriminatory and retaliatory manner based on her gender in violation of Title VII, NYSHRL and NYCHRL.

3. Defendants' conduct was knowing, malicious, willful, and wanton and showed a reckless disregard for Plaintiff, which has caused and continues to cause economic and non-economic damages, severe mental anguish and distress.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq.

5. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in the United States District Court, Southern District of New York, pursuant to 28 U.S.C. §1391, because Defendant maintains their headquarters in this district, and Defendant regularly transact business in the State of New York and in the Southern District of New York.

## PROCEDURAL REQUIREMENTS

8. Prior to the commencement of this action, Plaintiff filed a verified charge to the Equal Employment Opportunity Commission ("EEOC") on January 26, 2021, charging Defendants with unlawful discrimination in relation to Plaintiff's employment and arising out of the same facts alleged herein.

9. Plaintiff received a Right to Sue letter from the EEOC on or around February 4, 2021.

10. This Complaint has been filed within 90 days of Plaintiff's receipt of Right to Sue letter.

11. Contemporaneous with the commencement of this action, a copy of this Complaint was served on the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of §§8-502 of the New York City Administrative Code.

12. Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

13. Plaintiff is a former employee of Defendants.

14. Plaintiff was hired by Defendant Success Academy on July 27, 2016, and remained employed until her unlawful termination on September 15, 2020.

15. At all relevant times, Plaintiff met the definition of an "employee" under all applicable statutes.

16. Defendant Success Academy is a public charter school operator in New York City. Defendant Success Academy purports to operate forty-seven schools serving 20,000 students in Manhattan, Brooklyn, Queens and the Bronx at grade levels kindergarten to twelfth grade. Upon information and belief, Defendant Success Academy has 2,300 employees.

17. During the events described herein, upon information and belief Defendant Success Academy had its headquarters located at 95 Pine Street, Floor 6, New York, New York 10005 in New York County.

18. Defendant Cooke-Coleman, upon information and belief, resides in the State of New York and maintains a place of business in New York, New York, within the jurisdiction of this Court. Upon information and belief, at all relevant times Defendant Cooke-Coleman is and/or was the Assistant Principal of Success Academy, was in active control and management of the company, and regulated the employment of persons employed by the company, including Plaintiff.

19. At all relevant times, Defendants were Plaintiff's direct employer.

20. At all relevant times, Defendants met the definition of "employers" under all applicable statutes.

## FACTUAL ALLEGATIONS

21. Plaintiff began her employment with Defendant on July 27, 2016, with a salary of $47,000.00. Plaintiff was employed as a Lead Teacher.

22. At the time of Plaintiff's unlawful termination, her salary had been raised to $73,000.00.

23. Despite Plaintiff's excellent work performance and her substantial contributions to Defendants for over four years, Plaintiff suffered discrimination due to her gender and status as a childcare-taker.

24. The discrimination Plaintiff suffered amounted to a constructive termination of her employment on or around September 15, 2020.

25. As a Lead Teacher, Plaintiff's job duties included: Implementing highly effective instructional practices to improve student learning and academic performance, adapting teaching methods and materials to meet scholars' varying needs and interests, creating an enjoyable and interesting learning environment for scholars, and working closely with parents to support scholars' learning and healthy development in school and at home.

26. At the end of the 2019-2020 school year in or around March of 2020, Defendant Success Academy turned to remote learning due to school closures connected to the COVID-19 pandemic.

27. At that time, Plaintiff had a conversation with her Direct Manager and told her that while working remote she would be home with her two young children, an eleven-year-old and a three-year-old.

28. Plaintiff's then manager told her that if she needed to shortly step away from the virtual classroom to tend to a child's urgent needs at home, she should use her co-teacher as back-up.

29. Therefore, with the full knowledge and consent of her superiors, Plaintiff would occasionally 'tag out' when necessary to a co-teacher during a lecture to briefly care for her children. Plaintiff's supervisors also knew that she occasionally may need to pick up her three-year-old during class and have her on her lap.

30. Defendant Success Academy expressed no reservations with this practice, and at no time prior to the hereinafter mentioned events did Defendant Success Academy express any concerns to Plaintiff regarding the way she performed her job.

31. Plaintiff continued working remote for Defendant Success Academy throughout the remainder of the 2019-2020 school year, utilizing her then Direct Manager's recommendations as pertaining to caring for her children when necessary.

32. Throughout Plaintiff's remote work, there was no indication of diminished performance or any indication of Plaintiff's inability to effectively perform her job duties while she worked from her home with her children.

33. Remote teaching continued into the 2020-2021 school year as schools remained closed due to the COVID-19 pandemic. Plaintiff continued in her role as Lead Teacher remotely the same way she did the previous school year.

34. However, shortly after the start of the 2020-2021 school year and on or around August 25, 2020, Plaintiff's new Direct Manager, Defendant Cooke-Coleman, organized a call with Plaintiff in which she told Plaintiff that she needed to obtain childcare for her children to ensure that she is "100% involved with work." [sic]

35. Plaintiff was further told that she had a two-week ultimatum, until September 8, 2020, to obtain said childcare. Plaintiff was told that she and Defendant Cooke-Coleman would reconvene at the end of the two-week period to discuss the outcome of her search.

36. Plaintiff was shocked and blindsided by this demand as she had received no prior notice that Defendants were displeased with her performance in her role as Lead Teacher, and more importantly because Plaintiff had been doing the best she could and giving her all to her students.

37. It was clear to Plaintiff based on the conversation with Defendant Cooke-Coleman that in order to continue her employment with Defendant Success Academy, she had no other option but to secure childcare in the two-week period leading to September 8, 2020.

38. At no time was Plaintiff given a negative performance evaluation or criticism on her abilities as Lead Teacher. Nor were there ever any complaints or concerns expressed to Plaintiff regarding her ability to teach her students effectively prior to Defendants' comments regarding her need to obtain child-care.

39. In fact, Plaintiff maintained and exceled in her role as a Lead Teacher, and never received a "write up" or negative evaluation in the four years of her tenure.

40. Therefore, it was and still is obvious to Plaintiff that Defendants' negative insinuations regarding her ability to be a good employee were a direct result of her status as a mother and child-caretaker.

41. The implications of Plaintiff's conversations with her supervisor on August 25, 2020, were in effect a constructive termination since it was clear to Plaintiff that she would need to obtain childcare to keep her job.

42. Therefore, having no other option available to her, and unable to satisfy Defendants' clearly discriminatory job condition, Plaintiff's employment came to an end on or around September 15, 2020.

43. Defendants subjected Plaintiff to unlawful discrimination by and through their stereotyped gender remarks that she was unable to be a good and proper employee because of her status as a mother and child-caretaker.

44. Therefore, it is obvious that Plaintiff's gender and status as a child-caretaker were the reasons for Defendants' adverse employment actions taken against Plaintiff.

45. Plaintiff was, and still is, distressed and suffering life altering consequences as a result of the discrimination she suffered during her employment with Defendants because of her gender.

46. This Complaint ensues.

**FIRST CAUSE OF ACTION**
**(Discrimination in Violation of Title VII)**

47. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

48. Plaintiff, as a woman, belongs to a protected class within the meaning of Title VII.

49. Plaintiff was qualified for her position as a Lead Teacher based on her academic and professional credentials and experience.

50. Defendants discriminated against Plaintiff on the basis of her gender by, inter alia, threatening the status of Plaintiff's employment, and terminating Plaintiff's employment due to her gender, which constitutes an adverse employment action under Title VII.

51. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages.

52. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

53. Defendants' unlawful and discriminatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**SECOND CAUSE OF ACTION**
**(Retaliation in Violation of Title VII)**

54. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

55. At all relevant times, Plaintiff was a "qualified individual" within the meaning of Title VII. Similarly, at all relevant times, Defendant Success Academy was a "covered entity" within the meaning of Title VII.

56. Defendants retaliated against Plaintiff by, *inter alia*, terminating her employment in violation of Title VII due to her gender.

57. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits for which she is entitled to an award of monetary damages and other relief.

58. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

59. Defendants' unlawful and retaliatory actions constitute malicious, willful, and wanton violations of Title VII for which Plaintiff is entitled to an award of punitive damages.

### THIRD CAUSE OF ACTION
**(Discrimination in Violation of the NYSHRL)**

60. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

61. Plaintiff, as woman, belongs to a protected class within the meaning of NYSHRL.

62. Plaintiff was qualified for her position as a Lead Teacher based on her academic and professional credentials and experience.

63. Defendants discriminated against Plaintiff on the basis of her gender by, *inter alia*, threatening the status of Plaintiff's employment, and terminating Plaintiff's employment due to her gender which constitutes as an adverse employment action under NYSHRL.

64. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages.

65. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

66. Defendants' unlawful and discriminatory conduct in violation of NYSHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## FOURTH CAUSE OF ACTION
### (Retaliation in Violation of the NYSHRL)

67. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

68. Defendants retaliated against Plaintiff in violation of the NYSHRL by, *inter alia*, terminating her employment due to her gender.

69. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer monetary and/or economic

damages, including but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of monetary damages.

70. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, and physical illness and injury, for which she is entitled to an award of monetary damages and other relief.

### FIFTH CAUSE OF ACTION
**(Discrimination in Violation of the NYCHRL)**

71. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

72. Plaintiff, as woman, belongs to a protected class within the meaning of NYCHRL.

73. Plaintiff was qualified for her position as a Lead Teacher based on her academic and professional credentials and experience.

74. Defendants discriminated against Plaintiff on the basis of her gender by, inter alia, threatening the status of Plaintiff's employment, and terminating Plaintiff's employment due to her gender which constitutes as an adverse employment action under NYCHRL.

75. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages.

76. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of NYCHRL, Plaintiff has suffered and continues to suffer severe mental

anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

77. Defendants' unlawful and discriminatory conduct in violation of NYCHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## SIXTH CAUSE OF ACTION
**(Retaliation in Violation of the NYCHRL)**

78. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

79. Defendants retaliated against Plaintiff in violation of the NYCHRL by, inter alia, terminating her employment because Plaintiff is a disabled person as defined by the NYCHRL.

80. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of monetary damages.

81. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, and physical injury, for which she is entitled to an award of monetary damages and other relief.  Defendants' unlawful and retaliatory conduct in violation of the NYCHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

A.   A declaratory judgment that the actions, conduct, and practices of Defendants complained of herein violate Title VII, NYSHRL and NYCHRL;

B.   An order directing Defendants to place Plaintiff in the position she would have occupied but for Defendants' discriminatory and/or otherwise unlawful conduct, as well as to take such affirmative action, including reinstatement, as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff;

C.   An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to the loss of pass and future income, wages, compensation, job security and other benefits of employment;

D.   An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem self-confidence and personal dignity, emotional pain and suffering and any other physical or mental injuries;

E.   An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputation and loss of career fulfillment;

F.   An award of punitive damages, pursuant to Title VII, NYSHRL and NYCHRL in an amount to be determined at trial;

G. An award of damages for any and all other monetary and/or non-monetary damages losses suffered by Plaintiff an amount to be determined at trial, plus prejudgment interest;

H. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by laws; and

I. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: May 4, 2021
New York, New York

Respectfully submitted,

DANNY GRACE, P.C.
*ATTORNEYS FOR PLAINTIFF*

222 BROADWAY, 19TH FLOOR
NEW YORK, NY 10038
(646) 515-2821

_____/S/_____
DANIEL GRACE, ESQ.